ORDERED.

Dated:  January 23, 2018

Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Re:

Aaron Andrew Cole,
Sandra Carolyn Cole

    Debtor.
_____/

Chapter  7
Case No.  9:17-bk-05696-FMD

**ORDER APPROVING TRUSTEE'S
APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND
REMAX PARAMOUNT PROPERTIES TO PROCURE CONSENTED PUBLIC SALE**

THIS CASE came before the Court for consideration of the Trustee's Application to Retain BK Global Real Estate Services and REMAX Paramount Properties to Procure Consented Public Sale (the "Application") (Doc. No. 27).  The Court having reviewed and considered the Application and the declarations filed in support of the Application finds as follows:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2);

B. Venue of this Chapter 7 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

C. Notice of the Application was sufficient under the circumstances.

Accordingly it is hereby

**ORDERED** as follows:

1. The Application is **GRANTED**.

2. The Trustee is authorized to retain and compensate BKRES[5] and local licensed Listing Agent to **provide the necessary professional assistance and representation required by the Trustee to fulfill the Trustee's duties pursuant to 11 U.S.C. § 704 in order to** procure Secured Creditor's Consent, and otherwise market and sell the Property, in Debtor's Chapter 7 case pursuant to 11 U.S.C. §§ 327, 328(a) and 330, and Rules 2014 and 2016, Federal Rules of Bankruptcy Procedure, in accordance with the terms and conditions set forth in the BKRES Agreement, the Listing Agreement and this Order. BKRES and Listing Agent shall not split or otherwise share their fees with any other person or entity.

3. BKRES and Listing Agent are disinterested persons within the meaning of 11 U.S.C. § 101(14).

4. BKRES and Listing Agent shall be compensated in accordance with the BKRES Agreement and Listing Agreement, respectively, and such compensation shall not hereafter be subject to challenge except under the standard of review set forth in 11 U.S.C. § 330 of the Bankruptcy Code. **Notwithstanding the foregoing, compensation will be determined later in accordance with 11 U.S.C. § 330.**

5. BKRES and Listing Agent shall be authorized to receive and retain their fees from Secured Creditor at the successful closing of the sale of the Property without necessity of further order of the Court. The estate shall, in no circumstance, be obligated to compensate BKRES or Listing Agent in such event and BKRES and Listing Agent shall not have a claim against the estate for any unpaid amounts. BKRES and Listing Agent, and anyone claiming by,

---

[5] Defined terms not otherwise defined herein have the meanings given to them in the Application and the Affidavit.

through or under either of them, shall only have recourse for recovering its fee to Secured Creditor. The estate shall have no liability for any such claim.

6. Trustee is hereby authorized to r Brokers BKRES and Listing Agent to provide reasonable and necessary property preservation, maintenance, and upkeep services to the subject estate Property to facilitate the sale of the Property for the benefit of the Secured Creditor(s) and bankruptcy estate, and to reimburse the Brokers in a maximum amount not to exceed $500.00 for the approved reasonable, necessary costs and expenses of preserving, or disposing of, the subject Property, without the need for further Order.

Trustee Luis E. Rivera is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order